UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA VERGARA BARRERA,<br><br>                                  Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                 Respondents. | Case No.: 3:26-cv-00762-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Rosa Vergara Barrera's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

### I.   BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection in or about February 2001. (Doc. 1 ¶ 1.) "On April 5, 2020, the Department of Homeland Security ['DHS'] issued a Notice to Appear placing Petitioner in removal proceedings under [Immigration and Nationality Act] § 240." (*Id.* ¶ 27.) She "has resided continuously in the United States for more than two decades, and was arrested by DHS on October 14, 2025, inside an immigration court." (*Id.* ¶ 1.) While detained at Otay Mesa Detention Center, Petitioner requested a bond hearing, at which the immigration judge concluded that

he lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶ 37.)

On February 6, 2026, Petitioner filed the Petition. (Doc. 1.) The Court issued a briefing schedule and Order to Show Cause shortly thereafter. (Doc. 2.) On February 13, 2026, Respondents filed their Response to Petition. (Doc. 3.) That same day, Petitioner filed her Notice of Concurrence with Respondents' Concession and Request for Prompt Bond Hearing Order. (Doc. 4.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 41–48.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[1] is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 3 at 2.) Because the Parties agree that Petitioner is detained under § 1226 and entitled to a bond hearing, the Court **GRANTS** the Petition.

---

[1] *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

## IV.   CONCLUSION[2]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly, the Court **ORDERS**:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.

2. If the bond hearing is not conducted **within ten (10) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that her detention is warranted under § 1226(a).

3. On or before **March 6, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED.**

DATE:  February 19, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  The Court declines to address the Petition's remaining grounds for relief.

[3]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).